IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAN HYATT,                    )
                              )
           Plaintiff,         )
                              )
     v.                       )    No. 10 C 5602
                              )
EXPERIAN INFORMATION SYSTEMS, )
                              )
           Defendant.         )

MEMORANDUM ORDER

Experian Information Solutions, Inc. ("Experian," mistakenly sued as "Experian Information Systems") has filed its Answer and Affirmative Defenses ("ADs") to the Fair Credit Reporting Act action brought against it by Dan Hyatt ("Hyatt"). This memorandum order is issued sua sponte because that responsive pleading is troublesome in several respects.

First, both Complaint ¶¶2 (alleging subject matter jurisdiction) and 3 (alleging venue) are responded to by Experian's statements "that this is a legal conclusion which is not subject to denial or admission." That could not be more wrong[1]--see, e.g., App'x 2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Both Answer ¶¶2 and 3 are stricken.

---

[1] Among other reasons, a federal court's initial responsibility (and an ongoing one) is of course the determination that it has subject matter jurisdiction. And though the absence of such jurisdiction cannot be cured by consent, parties have a special obligation to alert the court to any possible problems they perceive in that regard.

Next, Experian's counsel is so imbued with the desire to assert, as often as possible, the Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer that serves as the permissible predicate for a deemed denial that counsel blithely disavows (1) matters that are readily answerable (see, e.g., Answer ¶9) and (2) matters that are necessarily within Experian's knowledge (see, e.g., Answer ¶¶13 and 15-18). Indeed, how can Experian's counsel advance the client's lack of knowledge and information sufficient to form a belief as to those paragraphs and still, in the objective good faith required by Rule 11(b), deny the allegations in Complaint ¶19?

Finally, Experian's ADs leave a good deal to be desired in light of the concept embodied in Rule 8(c) and the caselaw interpreting it--and see, e.g., App'x ¶5 to State Farm. Here are the problems:

1. AD 1 claims qualified immunity under 15 U.S.C. §1681h(e), but that is totally at odds with the principle that an AD admits the allegations of the complaint that it addresses. Thus Complaint ¶23 ascribes malice and wilfullness to Experian, while Complaint ¶24 also invokes 15 U.S.C. §§1681n and 1681o, each of which paragraphs takes 15 U.S.C. §1681h(e) out of play.

2. AD 2, which claims Experian's communications to others were true, directly contradicts Complaint ¶¶11

through 14.

Accordingly ADs 1 and 2 are both stricken.

Experian's counsel are therefore sent back to the drawing board to correct the errors identified here by filing a self-contained amended responsive pleading on or before October 25, 2010. No charge is to be made to Experian by its counsel for the added work and expense incurred in correcting counsel's errors. Experian's counsel are ordered to apprise their client to that effect via a letter accompanied by a copy of this opinion, with a copy of counsel's letter to be transmitted to this Court's chambers purely as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: October 14, 2010